UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANTANA J. GRAY,

    Plaintiff,

    v.                                  CAUSE NO. 3:25-CV-316 DRL-SJF

HATTFIELD *et al.*,

    Defendants.

## OPINION AND ORDER

Santana J. Gray, a prisoner without a lawyer, filed a complaint. ECF 1. "Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On June 14, 2024, Mr. Gray "was O/C sprayed by Ofc. Hattfield for no reason." ECF 2 at 2. He was subsequently taken to medical with shackles on his legs that were too tight. Once he arrived at medical, he asked the staff for a "breathing treatment" but was told he had to shower first. *Id*. He was offered a shower, but he refused because his hands

were cuffed behind his back, leaving him with "no way to wash O/C spray off making it worse burning me and making my asthma worse." *Id*. Mr. Gray asked Sgt. Gill to remove the handcuffs, but she told him no. He was then assessed by a nurse who "denied me treatment without a check up of vitals." *Id*. He returned to his cell with "mace on skin and clothing in my hair" which caused him to "burn[] for 3 days." *Id*. He has sued Officer Hattfield, Sergeant Gill, and the "Medical Staff."

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotations and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force can be warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time

an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890.

Here, Mr. Gray alleges Officer Hattfield sprayed him with O/C "for no reason."[1] It may be inferred from this statement that Mr. Gray was not displaying threatening or aggressive behavior, was not involved in a disruption or disturbance, and was not resisting orders when this occurred. *See, e.g.*, *Lewis*, 581 F.3d at 477. Although the details are sparse and further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage—and giving Mr. Gray the benefit of the inferences to which he is entitled—he has stated a plausible Eighth Amendment excessive force claim against Officer Hattfield.

Mr. Gray also alleges Sergeant Gill and the "Medical Staff" were deliberately indifferent to his needs following the incident. Inmates are entitled to constitutionally adequate care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an

---

[1] He claims he was placed in leg shackles that were too tight, but he doesn't allege it was Officer Hattfield who did that.

exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

Importantly, "'[n]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009)). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks*, 555 F.3d at 594. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. In most circumstances, prison officials may rely on the medical staff to provide the inmates with the medical care they need. *See e.g., Walker*, 940 F.3d at 965 (it is generally appropriate to "defer to medical professionals' treatment decisions" unless no competent medical professional would have responded the same way).

As an initial matter, Mr. Gray hasn't stated any plausible claims against the "Medical Staff" as a whole. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, 1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of

4

proper notice of what they were accused of doing."). Accordingly, the Medical Staff will be dismissed.

With regard to Sergeant Gill, Mr. Gray admits he was offered a decontamination shower, but he refused because she wouldn't take his handcuffs off. Although Mr. Gray doesn't provide any details about what led up to the spraying incident, it's clear that O/C spray was deployed in some capacity—accordingly, it's not unreasonable for an inmate to be placed in handcuffs for safety reasons following such an incident. Importantly, Sergeant Gill didn't deny him an opportunity to rinse off altogether. Although Mr. Gray insists he couldn't properly wash with the handcuffs on, even rinsing with water alone may have offered some relief—Mr. Gray simply chose not to avail himself of that option. Based on these facts, the court can't conclude Sergeant Gill was deliberately indifferent to Mr. Gray's needs. *See Rasho*, 22 F.4th at 710 (deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing).

Moreover, Mr. Gray admits he was seen by medical staff afterwards. He takes issue with the nurse's refusal to take his vitals, but the actions or inaction of the medical staff can't be attributed to Sergeant Gill. *See Aguilar*, 861 F.3d at 633 (division of labor is "critical"). Mr. Gray has not included factual content to plausibly suggest that this non-medical employee was deliberately indifferent to his needs. Accordingly, he hasn't stated a plausible claim against Sergeant Gill. *See e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)).

5

For these reasons, the court:

(1) GRANTS Santana J. Gray leave to proceed against Officer Hattfield in his individual capacity for compensatory and punitive damages for spraying him with O/C "for no reason" on June 14, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. Gill and the Medical Staff;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Hattfield at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Hattfield to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 27, 2025                                     *s/ Damon R. Leichty*
                                                  Judge, United States District Court